Opinion issued March 16, 2006
















In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-04-00961-CR
 __________
 
JASON GENE BANKHEAD, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 174th District Court
Harris County, Texas
Trial Court Cause No. 959000
 

 
 
MEMORANDUM OPINION
          A jury found appellant, Jason Gene Bankhead, guilty of murder and assessed
punishment at imprisonment for life and a $10,000 fine. In two points of error,
appellant argues that the evidence was insufficient to support his conviction, as a
matter of law and as a matter of fact because the State’s evidence incriminating him
was not credible. We affirm. 
Background
          On July 31, 2003, appellant, Harlon Harris, Booker Harris, Tyrone Scott, and
Courtney Murrell were standing in front of the Blue Mountain Café when appellant
pulled out a .38 revolver and shot Murrell five times. Everyone standing in the
parking lot ran for cover, and appellant ran to some nearby apartments to hide. When
the police arrived, they were unable to locate any witnesses to the shooting.           Michelle Scott, who lived in one of the apartments across the street from the
Blue Mountain Café, testified that appellant, whom she knew, barged into her
apartment and told her that he needed a place to hide from the police. Appellant told
her that he had just shot and killed Murrell because he stole some shoes and tried to
sell some crack to his mother. He showed her the gun, which housed five spent
casings and one live bullet. Michelle testified that she was afraid that he might use
the remaining bullet to harm her or her children so she let him stay with her for the
night. Michelle testified that appellant was acting very nervous and did not calm
down until Harlon Harris, one of the men present at the shooting, came over the
following day. Appellant asked Harlon to dispose of the gun. Scott then asked
appellant to leave. Scott called the police and went to the police station and gave a
written statement. 
          Harlon and Booker Harris spoke to the police and confirmed that appellant shot
Murrell and that Murrell did nothing to provoke the shooting. Appellant fled to
Florida, where he was arrested, then extradited back to Texas.
Sufficiency
          In points of error one and two, appellant argues that the evidence was
insufficient to support his conviction, as a matter of law and as a matter of fact
because the State’s evidence incriminating him was not credible. 
          We review the legal sufficiency of the evidence by viewing the evidence in the
light most favorable to the verdict and then determining whether a rational trier of
fact could have found the essential elements of the crime beyond a reasonable doubt.
Escamilla v. State, 143 S.W.3d 814, 817 (Tex. Crim. App. 2004). In our review of
the factual sufficiency of the evidence, we view the evidence in a neutral light, and
we set aside the verdict only if the evidence is so weak that the verdict is clearly
wrong and manifestly unjust, or the contrary evidence is so strong that the standard
of proof beyond a reasonable doubt could not have been met. Id. (citing Zuniga v.
State, 144 S.W.3d 477, 483 (Tex. Crim. App. 2004)).
          We may not substitute our own judgment for that of the fact finder. Jones v.
State, 944 S.W.2d 642, 648 (Tex. Crim. App. 1996). We adhere to the fact finder’s
determination concerning the weight to place upon conflicting testimony because
resolution of facts often turns on evaluation of credibility and demeanor. See
Johnson v. State, 23 S.W.3d 1, 8 (Tex. Crim. App. 2000). We must defer
appropriately to the fact finder to avoid substituting our judgment for that of the trier
of fact. Id. 
          Here, appellant challenges the credibility of the witnesses and the sufficiency
of the evidence introduced by the State. Specifically, appellant claims that, under
Article V, Section 6 of the Texas Constitution, this Court has the inherent jurisdiction
to examine the facts of the case. Tex. Const. art. V, § 17. However, we cannot
intrude upon the fact finder’s role as the sole judge of the weight and credibility
accorded any witness’s testimony, which is what appellant is requesting us to do. See
Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). 
          Appellant argues that both Harlon Harris and Scott testified “to facts
incriminating appellant” but the testimony was not credible given their actions after
the shooting. Harlon “continued to befriend and drive the appellant around town,”
and Scott “allowed him to remain in her apartment.” We cannot review the credibility
of the witnesses, as the jury is the exclusive judge of the facts, the credibility of the
witnesses, and the weight to be given to the witnesses’ testimony. See Jaggers v.
State, 125 S.W.3d 661, 671 (Tex. App.—Houston [1st Dist.] 2003, pet. ref’d). The
jury may believe all, some, or none of any witness’s testimony. See Sharp v. State,
707 S.W.2d 611, 614 (Tex. Crim. App. 1986). Accordingly, we overrule points of
error one and two.
Conclusion
          We affirm the judgment of the trial court.
 
                                                                        George C. Hanks, Jr.
                                                                        Justice

Panel consists of Justices Nuchia, Keyes, and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).